NASH, J.
I entirely concur with my brethren in so much of their opinion as affirms the judgment of the court below in dismissing the bill as against the sureties; but I am constrained to differ with them in holding the act of 1826 as not applicable to Edward O. Goodwyn, the principal in the bond.
This is manifestly a suit upon the bond, in which the principal and his sureties are parties defendants, as will appear from a perusal of the bill; and the language of the act of 1826 is plain, mandatory and explicit, in the following words: ‘1 All actions, suits and motions, at law or in equity, founded on bonds executed by executors, administrators, guardians, committees of idiots and lunatics, sheriffs, deputy sheriffs, sergeants, deputy sergeants, clerks, deputy clerks, and other persons acting in a fiduciary character, public or private, shall be instituted or brought within ten years-after the right of action shall have accrued, and not afterwards; saving to infants, idiots and lunatics, persons non compos, mentis and femes covert, five years after their disabilities shall have ceased.” In this act, which is as equally applicable to courts of equity as to courts of law, there is no distinction between the guardian and: his sureties, and it was manifestly intended as an act of repose to the-^country in regard to suits of that character; and unless the plaintiff can bring himself within some of the exceptions contained in the fourth section of the act, he is barred of his right to recover. I do not mean to say that a suit in equity can be maintained against a guardian after the lapse of ten years. If this were a suit brought by the ward in a court of équity against a testamentary guardian, who, by the terms of the testator’s will, had - been permitted to qualify without executing bond, in such a case I do not think the-statute would apply; and the court, treating the guardian as a trustee, would compel him to account, unless the lapse of time was so great as to render it improper to investigate such stale transactions.
I am, myself, in favor of affirming the decree out and out.
FIELD, P., CLOPTON, J., and THOMPSON, J., concurred with TYLER, J.
*849 The decree was as follows:
The court is of opinion that there is no error in so much of the said decree as dismisses the bill of the appellant as to the appellees James H. Boisseau, Richard K. Meade, executor of A. T. Goodwyn, and James W. Cook, administrator of Peterson Goodwyn; it is therefore ordered and decreed, that so much of said decree be affirmed, and that the appellant N. B. Ma-gruder pay to the appellees James H. Boisseau, Richard K. Meade, executor of A. T. Goodwyn, and James W. Cook, administrator of Peterson Goodwyn, the costs by them expended in defending the appeal j here. And the court is further of opinion, that there is error in so much of the decree as dismisses the bill of complaint as to S. M. Oliver, administrator of Edward O. Goodwyn, who was guardian of N. B. Ma-gruder, and that, instead of dismissing the bill, it should have directed a settlement of the account of the guardian, Edward O.
Goodwyn, by his personal representative, unless' ^waived by the complainant; it is therefore decreed, that so much of said decree as dismisses the bill of complainant as to S. M. Oliver, administrator of Edward O. Goodwyn, who was guardian of N. B. Magruder. be reversed, and that the appellee S. M. Oliver, administrator of Edward O. Goodwyn, out of the assets of his intestate in his hands to be administered, pay to the appellant N. B. Magruder, the costs by him expended in prosecuting his appeal here. And this cause is remanded to the Circuit Court of Greenville county, to be proceeded in according to the principles herein set forth.